IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA PAC, GROUP AMERICA, LLC, and ELON MUSK,<br><br>Defendants. | Civil Case No. 25-1691<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

John Doe, individually and on behalf of all others similarly situated, brings this class action for breach of contract, promissory estoppel, and Pennsylvania Wage Payment and Collection Law (WPCL) violations against Defendants America PAC, Group America, LLC, and Elon Musk, alleging:

### INTRODUCTION

1. In October 2024, Defendants offered payment, initially $47 and later increased to $100, to any registered voter in Pennsylvania who signed America PAC's petition to support the First and Second Amendments.

2. Defendants also offered a payment, initially $47 and later increased to $100, for each successful referral of a registered voter in Pennsylvania who signed the America PAC petition.

1

3. Plaintiff and Class Members accepted Defendants' offers by signing or successfully referring Pennsylvania registered voters to the America PAC petition.

4. Defendants have since failed to pay Plaintiff and Class Members in full for their signatures and referrals.

5. Defendants are thus liable to Plaintiff and Class Members.

## PARTIES

6. Plaintiff John Doe is an adult individual residing in Bucks County, Pennsylvania, who, at all material times, was registered to vote in Pennsylvania.

7. For his safety and security, Plaintiff John Doe is proceeding under a pseudonym.

8. Defendant America PAC is a political action committee with a principal place of business in Austin, Texas.

9. Defendant America PAC (FEC-1835649) is registered with the Federal Election Commission as an independent expenditure-only political committee (Super PAC).

10. Defendant Group America, LLC is a corporate entity with a principal place of business in Lakeway, Texas.

11. Defendant Elon Musk is an adult individual with a residence in Boca Chica, Texas.

12. Defendant Elon Musk is the founder of Defendant America PAC.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over this class action under 28 U.S.C. § 1332(d) because the Defendants and Class Members are citizens of different states, there are expected to be more than 100 Class Members, and the amount in controversy is expected to exceed $5,000,000.

14. Venue is appropriate under 28 U.S.C. § 1391 because many of Defendants' interactions with Plaintiff and Class Members occurred or arose out of this District.

## FACTUAL BACKGROUND

15. In or around October 2024 through November 5, 2024, Defendants repeatedly offered to pay $47, later increased to $100, to registered voters in Pennsylvania who signed America PAC's "Petition in Favor of Free Speech and the Right to Bear Arms." *See* Exhibit A.

16. Defendants also offered a payment of $47, later increased to $100, payment for each successful referral of a registered voter in Pennsylvania who signed the America PAC petition.

17. Defendants repeatedly advertised their offers to the general public through various means, including at campaign events, on social media, and online at https://theamericapac.org and https://petition.theamericapac.org.

18. For example, on October 17, 2024, Elon Musk posted the following message on his "X" account:



19. As shown above, Musk's offer to registered Pennsylvania voters garnered 47.8 million views.

20. America PAC also sent the following message to voters who signed the petition, offering to pay them for referrals for additional votes to sign the petition:



4

21. Plaintiff and Class Members accepted Defendants' offers by signing or successfully referring Pennsylvania registered voters to the America PAC petition.

22. Defendants have since failed to pay Plaintiff and Class Members in full for their signatures and referrals.

23. Plaintiff worked as a canvasser for Defendants America PAC and Group America, LLC.

24. Leading up to the November 2024 election, while canvassing in Pennsylvania, Plaintiff referred many voters to sign the America PAC petition.

25. However, Plaintiff was not paid the full promised amounts for these referrals.

26. While Plaintiff was paid his hourly rate for canvassing, and he was paid some referrals for the petition signatures he obtained (albeit well after he performed the work to obtain these referrals), Plaintiff estimates that he has not been paid at least $20,000 he is owed for his referrals.

27. Plaintiff has repeatedly contacted Defendants, making multiple attempts to receive full payment for his referrals, but to no avail.

28. Plaintiff's failure to receive full payment for the referrals (and late payments for other referrals) has caused him significant emotional and physical

distress. He relied on these payments to pay his bills and suffered damage to his credit and health when the payments did not arrive as expected.

29. Plaintiff is in communication with numerous others who referred voters to sign the America PAC petition, who are likewise frustrated that they did not receive full payments for their referrals.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23.

31. Plaintiff seeks to certify the following classes:

> All persons registered to vote in Pennsylvania when they signed the America PAC petition who have not received the agreed-upon payments from Defendants.

> All persons who successfully referred a Pennsylvania registered voter to sign the America PAC petition who have not received the agreed-upon payments or wages from Defendants.

32. The class members are so numerous that joinder is impracticable, and the disposition of their claims in this case and as part of a single class action lawsuit, rather than through numerous individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent.

33. There are numerous and substantial questions of law and fact common to all members of the class, which predominate over any individual issues. These common questions of law and fact include, without limitation:

6

    a. Whether the Plaintiffs and Class members are entitled to payment from Defendants;

    b. Whether the Plaintiffs and Class members have an enforceable contract with Defendants;

    c. Whether Defendants have breached their contract with Plaintiff and Class Members;

    d. Whether Plaintiff and the Class Members justifiably relied on Defendants' promise to pay them for signing the America PAC petition;

    e. Whether Plaintiff and the Class Members justifiably relied on Defendants' promise to pay them for signature referrals; and

    f. Whether Defendants have violated the WPCL.

  34. Plaintiff is a member of the proposed classes, and his claims are typical of the class claims.

  35. Class members are easily ascertainable from Defendants' records.

  36. Plaintiff will fairly and adequately represent the class and have no interests that are antagonistic to the claims of the class.

  37. Plaintiff has retained counsel who are competent and experienced in class action litigation.

  38. A class action is superior to other available methods of litigation for the fair and efficient adjudication of this controversy.

39. Unless a class is certified, Defendants will be unjustly enriched at the expense of class members.

40. There is no plain, speedy, or adequate remedy other than by maintenance of this class action because it is economically unfeasible for members of the class to pursue remedies other than by way of class action.

41. Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

42. Without a class action, Defendants will likely retain the benefit of their wrongdoing.

## FIRST CAUSE OF ACTION
**Breach of Contract**

43. Plaintiff realleges the preceding and subsequent paragraphs as though fully set forth herein.

44. Defendants offered to pay Plaintiff and Class Members for signing the America PAC petition.

45. Defendants also offered to pay Plaintiff and Class Members for successfully referring Pennsylvania registered voters to sign the America PAC petition.

46. Plaintiff and Class Members accepted Defendants' offers by signing the America PAC petition and/or referring Pennsylvania registered voters to sign the America PAC petition.

47. Plaintiff and Class Members had a binding contract for payment with Defendants.

48. Defendants have breached that contract by failing to pay Plaintiff and Class Members.

49. Plaintiff and Class Members are entitled to damages, including, without limitation, unpaid signature and referral fees, for Defendants' breach of contract.

**SECOND CAUSE OF ACTION**
**Promissory Estoppel**

50. Plaintiff realleges the preceding and subsequent paragraphs as though fully set forth herein.

51. Defendants promised to pay Plaintiff and Class Members for signing the America PAC petition and referring Pennsylvania registered voters to sign the America PAC petition.

52. Defendants expected their promise to induce Plaintiff and Class Members to sign the America PAC petition and to refer Pennsylvania registered voters to sign the America PAC petition

53. Relying on Defendants' promises, Plaintiff and Class Members signed the America PAC petition and referred Pennsylvania registered voters to sign the America PAC petition.

54. To avoid injustice, Defendants' promise must be enforced.

55. Having justifiably relied on Defendants' promises, Plaintiff and Class Members are entitled to damages they incurred based upon their detrimental reliance on Defendants' promises, including, without limitation, unpaid signature and referral fees.

### THIRD CAUSE OF ACTION
### WPCL Violations

56. Plaintiff re-alleges the preceding and subsequent paragraphs as though fully set forth herein.

57. At all material times, Plaintiff was jointly employed as a canvasser by Defendants America PAC and Group America, LLC.

58. Defendants America PAC and Group America, LLC constituted "employers" under the WPCL, 43 P.S. § 260.2a.

59. Defendant Elon Musk constituted an employer under the WPCL, 43 P.S. § 260.2a, because he was acting as an "agent or officer" of America PAC and Group America, LLC at all material times.

60.     Defendants' promised payments of $47 and $100 for obtaining referrals of votes to sign the America PAC petition constituted "wages" or "wage supplements" under the WPCL, 43 P.S. § 260.2a.

61.     The WPCL, 43 P.S. § 260.3, required Defendants to pay wages and wage supplements to its employees on regular paydays designated in advance by the employer.

62.     The WPCL, 43 P.S. § 260.6, also required Defendants to pay any wages conceded to be due.

63.     Defendants violated the WPCL by failing to pay the $47 and $100 wages or wage supplements to Plaintiff and Class Members.

64.     As a direct and proximate result of Defendants' violations of the WPCL, Plaintiffs and Class Members were damaged and deprived of compensation in amounts to be determined at trial.

65.     Plaintiffs and Class Members are entitled to such amounts of unpaid compensation, liquidated damages, costs, and attorney's fees pursuant to 43 P.S. §§ 260.9–260.10.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself members of the classes, respectfully requests the following relief:

a. An order certifying the classes described above and appointing Plaintiff's counsel as class counsel;

b. Compensatory and consequential damages;

c. Damages equal to the amount of unpaid wages plus liquidated damages;

d. All forms of damages attributable to Defendants' violations as alleged herein; and

e. All other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:   April 1, 2025   Respectfully submitted,

JOHN DOE, individually and on behalf of others similarly situated,

By his attorneys,

*s/ Jeremy E. Abay*
Shannon Liss-Riordan (*pro hac vice* forthcoming)
Thomas Fowler (*pro hac vice* forthcoming)
Jeremy E. Abay (PA # 316730)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
jabay@llrlaw.com

*Attorneys for Plaintiff*