## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE, individually and on behalf of all others similarly situated,

        Plaintiff,

    v.

AMERICA PAC, GROUP AMERICA, LLC, and ELON MUSK,

        Defendants.

Case No. 2:25-cv-01691

CLASS ACTION

## <u>PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM</u>

Plaintiff John Doe filed the above-captioned action on April 1, 2025, against Defendants America PAC, Group America, LLC, and Elon Musk. Plaintiff now moves for leave of court to proceed under the pseudonym "John Doe".

In his Complaint, Plaintiff alleges that he was employed as a political canvasser by Defendants between October and November 2024, leading up to the 2024 election. (Complaint ¶¶ 15-24, Dkt. 1.) Plaintiff brings class action claims for breach of contract, promissory estoppel, and violation of the Pennsylvania Wage Payment and Collections Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, for. (Complaint Causes of Action I-III, Dkt. 1.)  Plaintiff seeks leave of Court to pursue this action under a pseudonym because he reasonably fears retribution (and even potentially threats to his personal safety) in response to his filing this Complaint.

1

Although Fed. R. Civ. P. 10(a) requires parties to a lawsuit to identify themselves in their pleadings, "in exceptional cases courts have allowed a party to proceed anonymously." See Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (internal citation omitted). To receive permission to proceed anonymously, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id. (quoting Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)). When a plaintiff sufficiently alleges these factors, the court should "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." Id.

The Third Circuit sets forth the following factors for courts to consider when deciding a motion to proceed under pseudonym:

(1) the extent to which the identity of the litigant has been kept confidential;

(2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

(3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

(4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;

(5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified;

(6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

2

Id. at 409 (quoting Doe v. Provident Life and Accident Ins. Co., 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)).[1]

In this era of political animosity and volatility, the need for Plaintiff's identity to be protected from the public eye is obvious. Plaintiff's claims are at the heart of today's political rancor, targeting the actions taken by Elon Musk to aid President Trump in getting elected. Plaintiff's Complaint thus concern two of the most powerful men in the world. Courts have often permitted plaintiffs to proceed under a pseudonym where they reasonably fear political retribution because of the claims that they allege, especially claims that concern President Trump. See Jones v. Trump, 2025 WL 485419, at *2-3 (D.D.C. Feb. 13, 2025) (permitting a plaintiff to proceed under a pseudonym due to fears of retribution, where she sought to enjoin President Trump's Executive Order regarding the treatment of transgender prisoners); Doe v. Trump, 2019 WL 13248001, at *5 (N.D. Cal. Feb. 19, 2019)

---

[1]    In contrast, the following factors weigh against granting anonymity: "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." Megless, 654 F.3d at 409 (quoting Provident Life, 176 F.R.D. at 467-68). These factors are not comprehensive, and courts are required to consider all the relevant facts of a particular case. Id. at 410.

("Based on previous instances of negative publicity by President Trump and his supporters against those who sue him, it is possible that Doe may face emotional injury and negative exposure on social media platforms and on his college campus, which would outweigh any potential prejudice to President Trump, which is essentially nonexistent."); see also Landau v. Corp. of Haverford College, 2024 WL 5108442, at *4 (E.D. Pa. Dec. 13, 2024) (permitting an association of Jewish students to proceed against defendant anonymously where "Plaintiffs' fears regarding physical safety, when aggregated with their social and academic concerns, narrowly satisfy the threshold showing of a threat of severe harm.").[2] Indeed, President Trump is currently openly engaged in a revenge campaign against universities, political figures, and even lawyers and law firms by whom he feels slighted. See Betsy Reed, 'Revenge is his number one motivation': how Trump is waging war on the media, THE GUARDIAN (March 26, 2025), https://www.theguardian.com/us-news/2025/mar/30/trump-media-attacks; Katelyn Polantz, Law firms are scared to speak out amid Trump's attacks on their livelihood, CNN (March 27, 2025), https://www.cnn.com/2025/03/27/politics/law-

---

[2]     While President Trump is not a defendant in this lawsuit, he outsourced his campaign's get-out-the-vote ground game operation to Defendants. See Betsy Reed, Trump ground game operation now largely run by Elon Musk-backed group, The Guardian (September 26, 2024), https://www.theguardian.com/us-news/2024/sep/26/trump-voter-turnout-elon-musk-pac.

firms-trump-attacks/index.html; Ashleigh Fields, <u>Yale professor leaving US:</u>
<u>Trump launching 'brutal attack' on freedom</u>, THE HILL (April 1, 2025),
https://thehill.com/homenews/education/5225196-yale-professor-us-trump-free-
speech-campus-protests/.  Elon Musk also has a reputation for seeking revenge
against those he believes have wronged him. <u>See</u> Miranda Nazzaro, Concerns
mount over Musk's taste for revenge, THE HILL (December 5, 2024),
https://thehill.com/policy/technology/5022711-concerns-mount-over-musks-taste-
for-revenge/.

     An analysis of the <u>Megless</u> factors strongly supports permitting Plaintiff to
proceed anonymously. **<u>First</u>**, Plaintiff's identity has been kept confidential to this
point. **<u>Second</u>**, as described *supra*, Plaintiff has a strong, substantial basis for his
desire to remain confidential – the legitimate and reasonable fear of political
retribution by President Trump, Elon Musk, and their supporters. **<u>Third</u>**, public
interest supports permitting Plaintiff to proceed under a pseudonym. As the Third
Circuit framed this question, "if this litigant is forced to reveal his or her name,
will other similarly situated litigants be deterred from litigating claims that the
public would like to have litigated?" <u>Megless</u>, 654 F.3d at 410. Defendants' broken
promises in this case with regard to the pay he would receive for referring voters to
sign America PAC's petition to support the First and Second Amendments appears
to have been widespread, and Plaintiff filed this case as a class action. (Complaint

¶¶ 30-42, Dkt. 1.) Therefore, it is entirely possible that, if the Court requires Plaintiff to reveal his name, other similarly situated litigants could be deterred from litigating their claims. These claims include WPCL claims, which are in the public interest to pursue. See Pritchett v. Altenrative Bearings Corp., 2020 WL 2847865, at *7 (M.D. Pa. June 2, 2020) ("The commonwealth has a local interest in protecting Pennsylvania employees that suffer unpaid wages under the WPCL . . . ."). And as a matter of common sense, the public also has an interest in seeing that organizations intimately connected to the President of the United States abide by their contractual commitments.

**Fourth**, public interest weighs far more in favor of permitting Plaintiff to pursue these claims without fear of retribution than in having his identity revealed. **Fifth**, and relatedly, if the Court rules that Plaintiff must reveal his identity, it is likely that he will not pursue these claims at all, meaning that the WPCL and breach of contract claims will go unremedied. Such an outcome would be undesirable for the public, given the political importance of Defendants' misconduct. **Sixth**, Plaintiff does not have any illegitimate ulterior motives for his request to pursue the case anonymously. He simply seeks to pursue his claims while avoiding the substantial risk of backlash that he could face.[3]

---

[3]     The factors militating against anonymity are not at issue here. To reiterate, the public's interest in knowing Plaintiff's identity is quite modest in comparison

For the foregoing reasons, the Court should grant Plaintiff's request to proceed with this matter under the pseudonym of "John Doe."

Dated:        April 1, 2025        Respectfully submitted,

JOHN DOE, individually and on
behalf of others similarly situated,

By his attorneys,

*s/ Jeremy E. Abay*
Shannon Liss-Riordan (*pro hac vice* forthcoming)
Thomas Fowler (*pro hac vice* forthcoming)
Jeremy E. Abay (PA # 316730)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
tfowler@llrlaw.com
jabay@llrlaw.com

*Attorneys for Plaintiff*

---

to the public's interest in the vindication of Plaintiff's claims. Plaintiff is not a public figure, meaning that there is no particularly strong interest in the disclosure of his name. Lastly, given that this case was just filed, neither Defendants nor the press have objected to Plaintiff's anonymity.

**<u>CERTIFICATE OF SERVICE</u>**

I, Jeremy E. Abay, hereby certify that a true and accurate copy of the

foregoing document will be served on Defendants by process server, along with the

Complaint in this matter.

<u>s/ Jeremy E. Abay</u>
Jeremy E. Abay
