## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **JOHN DOE AND BOBBI PISOR,** | : | |
| | : | |
| Plaintiffs, | : | No. 2:25-cv-01691-WB |
| v. | : | |
| | : | |
| **AMERICA PAC; GROUP AMERICA,** | : | |
| **LLC; AND ELON MUSK** | : | |
| | : | |
| Defendants. | : | |
| | : | |

### JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 27, 2025, and submit to Chambers the following report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses, and Relevant Issues**

**Plaintiffs' Statement:**

Plaintiffs John Doe and Bobbi Pisor contend that Defendants America PAC, Group America, LLC, and Elon Musk are liable for breach of contract and under the doctrine of promissory estoppel. Plaintiff Doe also alleges that Defendants are liable for violations of the Wage Payment and Collections Law ("WPCL"), 43 P.S. § 260.2a. Plaintiffs bring these class action claims on behalf of themselves and on behalf of a class of similarly situated individuals.

As Plaintiffs have alleged, in approximately October 2024, Defendants offered to pay $47 to registered voters who signed America PAC's "Petition in Favor of Free Speech and the Right to Bear Arms." Defendants also offered a payment of $47 to individuals who referred registered voters in swing states to sign the America PAC petition. Defendants repeatedly advertised these

offers to the general public, including at campaign events, on social media, and on the America PAC website.

Elon Musk repeatedly advertised these offers on X (formerly Twitter). For example, on October 6, 2024, Mr. Musk posted a link to the petition on X and stated that "For every person you refer who is a swing state voter, you get $47! Easy Money." This post was viewed by more than 55 million people.

Then on approximately October 17, 2024, Defendants increased their offer for voters registered in Pennsylvania. Rather than $47 dollars, Defendants offered $100 to each registered voter in Pennsylvania who signed the petition and $100 to each person who referred a registered Pennsylvania voter to sign the petition. On October 17, 2024, Elon Musk posted the following message on X: "If you're a registered Pennsylvania voter, you & whoever referred you will now get $100 for signing our petition in support of free speech & right to bear arms. Earn money for supporting something you already believe in! Offer valid until midnight on Monday."

Plaintiffs Doe and Bisor (both Pennsylvania voters) signed the petition and referred numerous other registered swing state voters to sign the petition. Plaintiff Doe signed the petition and referred many voters in Pennsylvania to sign it. Plaintiff Doe worked for Defendants America PAC and Group America, LLC as a canvasser, and as a part of that work, he referred many voters to sign the America PAC Petition. While Plaintiff Doe was paid his hourly rate for canvassing, and he was paid some referrals for the petition signatures he obtained (albeit well after he performed the work to obtain these referrals), Defendants have not paid Plaintiff Doe for a large number of his referrals. Plaintiff Bisor likewise referred many Pennsylvania voters to sign the America PAC petition and has also not been paid for many of those referrals.

Plaintiffs are aware of numerous other individuals who referred voters to sign the America PAC petition and who have not been paid the full amount that Defendants promised for their referrals. Thus, Plaintiffs contend that Defendants are liable for breach of contract, under the doctrine of promissory estoppel, and (for Plaintiff Doe and other similarly situated who canvassed for America PAC and Group America, LLC) violations of the WPCL.

**Defendants' Statement:** Plaintiffs, individually and on behalf of a putative class, allege breach of contract, promissory estoppel, and violations of the Pennsylvania Wage Payment and Collection Law ("WPCL") against America PAC, Group America, LLC, and Elon Musk. Plaintiffs claim Defendants offered $47 (later $100) to Pennsylvania registered voters for signing or referring others to sign America PAC's citizen petition supporting the First and Second Amendments to the United States Constitution. Plaintiffs claim they failed to receive "full" payment of moneys that Plaintiffs claim to be owed pursuant to Plaintiffs' participation in America PAC's citizen petition program.

Defendants do not dispute that America PAC operated a program through which verified registered Pennsylvania voters could earn $47 (or, later, $100) for signing a citizen petition supporting the First and Second Amendments to the United States Constitution. Defendants also do not dispute that, where all of the program terms and conditions were met, verified registered Pennsylvania voters could earn $47 (and later $100) for each verified registered voter in one of seven select states that the referrer referred to sign said petition. Defendants deny Plaintiffs' legal claims in their entirety and—pursuant to Federal Rule of Civil Procedure FRCP 15(a)(3)—will file a motion to dismiss no later than June 9, 2025.  The Motion to Dismiss will demonstrate that this case should be dismissed because, among other reasons: (1) the complaint does not plead facts sufficient to support Plaintiffs' standing; (2) the complaint does not plead facts sufficient to

establish venue in this District; (3) Plaintiff Doe's WPCL claim fails because he does not plead facts sufficient to support the existence of any employment relationship with any Defendant; (4) Plaintiffs' breach of contract and promissory estoppel claims fail because they do not plead facts sufficient to establish any enforceable agreement or reasonable reliance; and (5) Plaintiffs' proposed class is unviable, as individualized issues of voter registration and referral validity preclude certification.

Defendants anticipate that their motion to dismiss will result in dismissal of this case or, at a minimum, will eliminate certain claims and Defendants and narrow the scope of remaining claims.

## 2. Initial and Informal Disclosures

Counsel agree to exchange initial disclosures under Rule 26(a)(1) on or before June 17, 2025. Disclosures will be provided in written lists with documents in PDF format. No informal disclosures are proposed. Self-executing discovery will not be delayed absent any contrary order by the Court.

## 3. Formal Discovery

**Plaintiffs' Statement:** Plaintiffs intend to conduct written discovery and depositions. Plaintiffs propose that the discovery period shall continue until 60 days after the close of the class action opt-out period, should the Court certify this case as a class action. If the Court declines to certify this case as a class action, Plaintiffs propose that the discovery period shall close 60 days after the Court's denial of Plaintiffs' request for class certification.

Plaintiffs oppose Twitter's request to bifurcate discovery into class certification and merits discovery. It would be difficult to distinguish between the two and would likely raise unnecessary

disputes about what discovery would be encompassed by the first stage. Plaintiffs oppose, however, discovery of putative class members, absent agreement by the parties.

**Defendants' Statement:** To further the efficient use of judicial and party resources, Defendants propose that formal discovery be bifurcated. Bifurcation would allow the parties to focus initial discovery on threshold issues, such as standing and the viability of Plaintiffs' claims, before addressing broader class-related matters. This would allow for the resolution of potentially dispositive issues before engaging in costly and expansive class discovery, preserving the resources of all parties and the Court.

Defendants propose that Phase 1 discovery would focus on the specific Plaintiffs in this case, their interactions with Defendants, Defendants' general conduct and operation of the citizen petition program, and any defenses raised by Defendants as relates to the Plaintiffs. Phase 1 discovery would begin on June 3, 2025 and be completed within six months. Phase 1 discovery would be conducted with the standard limits of 25 interrogatories and 10 depositions (7 hours each) per Federal Rules of Civil Procedure 33 and 30. Any stipulations to exceed would require written agreement of counsel for the parties or order of the Court.

 Defendants would have an opportunity to file a summary judgment motion on Phase 1 issues approximately two months following the close of Phase 1 fact discovery. The purpose of this summary judgment motion would be to determine whether the proposed class plaintiffs have standing to maintain each of their claims.

If the Court denies Defendants' Motion for Summary Judgment on Phase 1 issues in whole or part, the parties will prepare a schedule for Phase 2 discovery which will address class-related issues and any other remaining fact issues in the case, including a timeline for submission of class-certification motions.  The proposed schedule will be submitted to Court within 14 days from the

date the Court rules on Phase 1 summary judgment motions. Because class questions will likely involve greater investigation and discovery needs, Counsel agree to a limit of 50 interrogatories and 20 depositions (7 hours each) for Phase 2 discovery.

### 4. Electronic Discovery

**The Parties' Statement:** The parties have agreed to adopt the Court's standard Order Governing Electronic Discovery. The parties anticipate electronic discovery on threshold issues, such as petition records and communications relevant to standing and claims against individual Defendants.

### 5. Expert Witness Disclosures

**Plaintiffs' Statement:** Plaintiffs propose that the parties' expert witness disclosure(s) (if any) shall be due 30 days following the close of fact discovery, any responsive expert witness disclosure shall be due 30 days following the initial disclosures, and expert discovery shall be concluded by 30 days following any responsive expert disclosure(s).

**Defendant's Statement:** Defendants propose deferring expert witness disclosures until after any fact discovery, with simultaneous exchange of expert identities and reports approximately 30 days after the close of Phase 2 fact discovery, expert depositions completed approximately 90 days thereafter, and *Daubert* motions due 30 days later.

### 6. Early Settlement or Resolution

The parties have not discussed the possibility of promptly settling or resolving the case but currently do not anticipate being able to resolve the matter and are prepared to proceed with litigation. The parties all acknowledge that this may change as the case moves forward and will engage in good faith in any settlement discussions which may prove productive.

### 7. Trial Date

**Plaintiffs' Statement:** Plaintiffs propose setting a trial date in early 2026.

**Defendant's Statement:** Defendants propose deferring selection of a trial date until resolution of its motion to dismiss and/or summary judgment motion following Phase 1 discovery.

8. **Other**

One plaintiff has been permitted to proceed with his name kept confidential as John Doe. The parties have agreed to the proposed confidentiality agreement attached as **Exhibit A**, which will preserve John Doe's anonymity in public filings while disclosing his identity to counsel and related support personnel on a confidential, as-needed basis. This agreement serves the interests of all parties and will afford the parties a fair opportunity to investigate, prosecute, and defend the claims in this case.

.

Date: May 27, 2025                                Respectfully submitted,


                                                 *s/ Shannon Liss-Riordan*
                                                 Shannon Liss-Riordan (*pro hac vice*)
                                                 Thomas Fowler (*pro hac vice*)
                                                 Jeremy E. Abay (PA # 316730)
                                                 LICHTEN & LISS-RIORDAN, P.C.
                                                 729 Boylston Street, Suite 2000
                                                 Boston, MA 02116
                                                 (617) 994-5800
                                                 sliss@llrlaw.com
                                                 tfowler@llrlaw.com
                                                 jabay@llrlaw.com

                                                 *Attorneys for Plaintiffs*



                                                 /s/ Matthew H. Haverstick
                                                 Matthew H. Haverstick (No. 85072)
                                                 KLEINBARD LLC
                                                 Three Logan Square, 5th Floor
                                                 1717 Arch Street
                                                 Philadelphia, PA 19103
                                                 Phone: (215) 568-2000
                                                 Fax: (215) 568-0140
                                                 Eml: mhaverstick@kleinbard.com

                                                 Chris K. Gober
                                                 Texas State Bar No. 24048499
                                                 Anne Marie Mackin
                                                 Texas State Bar No. 24078898
                                                 Jesse Vazquez
                                                 Florida State Bar No.1013573
                                                 Lex Politica PLLC
                                                 P.O. Box 341015
                                                 Austin, TX 78734
                                                 Telephone: (512) 354-1785
                                                 cgober@lexpolitica.com
                                                 amackin@lexpolitica.com
                                                 jvazquez@lexpolitica.com

                                                 Andy Taylor
                                                 Texas State Bar No. 19727600

Andy Taylor & Associates, P.C.
2628 Highway 36S #288
Brenham, TX 77833
Telephone: (713) 412-4025
ataylor@ataylorlaw.com

**Attorneys for Defendants**