# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE AND BOBBI PISOR,** : <br> : <br> Plaintiff, : <br> v. : <br> : <br> **AMERICA PAC; GROUP AMERICA,** : <br> **LLC; AND ELON MUSK** : <br> : <br> Defendants. : <br> : | No. 2:25-cv-01691-WB |

# CONFIDENTIALITY ORDER

AND NOW, this _____ day of _____, 20____, it appearing that discovery in the above-captioned action is likely to require the disclosure of Plaintiff John Doe's identity to a limited subset of counsel and to the Court, and for good cause shown,[1] it is ORDERED as follows:

1. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that shows the true identity of Plaintiff John Doe. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

2. All Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

3. Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:
   a. Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

---

[1] *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *In re: Avandia Marketing Sales Practices and Products Liability Litig.*, 924 F.3d 662 (3d Cir. 2019).

      b. In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of the action;

      c. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

      d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      e. The Court and court personnel;

      f. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

      g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

      h. To such other persons as counsel for the producing party agrees or as ordered by the Court.

4. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 3. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Attorneys' Eyes Only material during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6. If counsel for a party receiving documents or information designated as Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

      a. Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such

       objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

       b.  If a dispute as to an Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

      7.  Any document designated "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal.

      8.  If the need arises during trial or at any hearing before the Court for any party to disclose Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

      9.  Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

      10.  The inadvertent or unintentional disclosure of Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Attorneys' Eyes Only under this Confidentiality Order.

      11.  The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

      12.  If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of the identity of John Doe as the plaintiff in this case, the party

receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose the identity of John Doe as the plaintiff in this case prior to the date specified for disclosure, or prior to resolution of any dispute regarding provision of such information in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Attorneys' Eyes Only material under this Confidentiality Order.

14. This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. The court may order disclosure of any subject covered by this stipulation or modify this stipulation at any time in the interest of justice.

BY THE COURT:

_____

HON. WENDY BEETLESTONE