**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE and BOBBI PISOR, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>AMERICA PAC, GROUP AMERICA, LLC, and ELON MUSK,<br><br>      Defendants. | Case No. 2:25-cv-01691-WB |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.    Introduction ......................................................................................................... 1

II.   Background .......................................................................................................... 1

III.  Legal Standard .................................................................................................... 2

IV.   Argument ............................................................................................................. 3

      A.    Plaintiffs Have Standing: They Allege That They Did the Work and Were Not Paid for It as Promised ...................................................................... 3

            1.    Defendants ignore Federal Rule of Civil Procedure 9(c). .......................... 3

            2.    Defendants overstate the general pleading standard for standing. .............. 4

            3.    The Court can infer that Plaintiffs' complaint alleges they satisfied payment conditions. ................................................................................... 5

      B.    Defendants' Roles Are Alleged and Will Be Proven in the Course of This Case .. 5

      C.    Plaintiffs May Represent Both Classes .................................................... 6

      D.    Plaintiffs State a Straightforward Breach of Contract Claim ................... 7

      E.    Promissory Estoppel Applies to Defendants' Broken Promises .............. 9

      F.    Doe Was an Employee, and His Unpaid Fees Are Wages ....................... 10

            1.    The allegations establish an employment relationship under the WPCL. 10

            2.    The unpaid referral fees constitute wage supplements under the WPCL. 11

      G.    If Needed, Plaintiffs Can Amend .......................................................... 12

V.    Conclusion ........................................................................................................ 13

TABLE OF AUTHORITIES

CASES

*Amalgamated Cotton Garment & Allied Indus. Fund v. Dion*,
    491 A.2d 123 (Pa. Sup. Ct. 1985) ................................................................. 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................... 2

*Braun v. Wal–Mart Stores, Inc.*,
    24 A.3d 875 (Pa. Super. Ct. 2011), *aff'd*, 106 A.3d 656 (Pa. 2014) ................ 12

*Cardmone v. Univ. of Pittsburgh*,
    384 A.2d 1228 (Pa. Sup. Ct. 1978) .................................................................. 9

*Carlson v. Arnot-Ogden Mem'l Hosp.*,
    918 F.2d 411 (3d Cir. 1990) ............................................................................ 9

*Finkelman v. Nat'l Football League*,
    810 F.3d 187 (3d Cir. 2016) ............................................................................ 4

*Foglia v. Renal Ventures Mgmt., LLC*,
    754 F.3d 153 (3d Cir. 2014) ............................................................................ 6

*Gladstone Tech., Partners, LLC v. Dahl*,
    222 F. Supp. 3d 432 (E.D. Pa. 2016) ............................................................. 12

*Gress v. Freedom Mortg. Corp.*,
    386 F. Supp. 3d 455 (M.D. Pa. 2019) .............................................................. 3

*Hedges v. United States*,
    404 F.3d 744 (3d Cir. 2005) ............................................................................ 2

*Hildebrand v. Allegheny Cnty.*,
    757 F.3d 99 (3d Cir. 2014) .............................................................................. 3

*Hirsch v. EPL Techs., Inc.*,
    910 A.2d 84 (Pa. Sup. Ct. 2006) .................................................................... 10

*In re Horizon Healthcare Servs. Inc. Data Breach Litig.*,
    846 F.3d 625 (3d Cir. 2017) ......................................................................... 4, 7

*Jermax, Inc. v. AK Steel Corp.*,
    2010 WL 2652276 (D.N.J. 2010) ..................................................................... 5

*K7 Design Grp., Inc. v. Five Below, Inc.*,
    540 F. Supp. 3d 508 (E.D. Pa. 2021) ............................................................. 10

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)................................................................................................ 4

*Morin v. Brassington*,
    871 A.2d 844 (Pa. Super. Ct. 2005) ....................................................................... 11

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015)..................................................................................... 7

*Negron v. Progressive Cas. Ins. Co.*,
    2016 WL 796888 (D.N.J. Mar. 1, 2016).................................................................. 6

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008).................................................................................... 12

*Pierce v. Montgomery Cnty. Opportunity Bd., Inc.*,
    884 F. Supp. 965 (E.D. Pa. 1995) ............................................................................ 7

*Razak v. Uber Technologies, Inc.*,
    No. 24-2638 (3d Cir.)............................................................................................. 11

*Schrob v. Catterson*,
    948 F.2d 1402 (3d Cir. 1991).................................................................................... 2

*Vandergrift v. Pennsauken Sch. Dist.*,
    2017 WL 6566139 (D.N.J. Dec. 22, 2017) .............................................................. 8

*Williams v. Jani-King of Phila., Inc.*,
    837 F.3d 314 (3d Cir. 2016).................................................................................... 11

**S**TATUTES

26 C.F.R. § 31.3406 .................................................................................................... 8

26 C.F.R. §§1.871–14 ................................................................................................. 8

43 P.S. § 260.2a ............................................................................................... 10, 11, 12

43 P.S. § 260.3 .......................................................................................................... 11

43 P.S. §§ 260.9–260.10 ............................................................................................ 11

**R**ULES

Fed. R. Civ. P. 15...................................................................................................... 15

Fed. R. Civ. P. 23........................................................................................................ 8

iii

## REGULATIONS

26 C.F.R. § 31.3406 ........................................................................................................ 8

26 C.F.R. §§1.871–14 .................................................................................................... 8

## TREATISES

17A C.J.S. Contracts § 451 ......................................................................................... 10

5 Fed. Prac. & Proc. Civ. § 1235 ................................................................................. 9

## I.    INTRODUCTION

This is a simple case about broken promises. Defendants offered to pay Pennsylvania voters for signing the America PAC petition—and for referring others to do the same. Plaintiffs accepted the offer by performing the work and expected to be paid. Defendants took the benefit of their performance but refused to pay. Rather than accept responsibility, they now seek to dismiss this entire case with prejudice.

But the Amended Complaint lays out sufficiently detailed allegations supporting Plaintiffs' claims for breach of contract, promissory estoppel, and unpaid wages. At this stage, where allegations must be taken as true and all inferences drawn in Plaintiffs' favor, the Court should deny Defendants' motion to dismiss.

## II.    BACKGROUND

In October 2024, Defendants America PAC, Group America, LLC, and Elon Musk offered payments to registered voters in Pennsylvania for signing a petition supporting the First and Second Amendments. (Am. Compl. ¶ 1, ECF No. 14.) The initial payment offer was $47, which was later increased to $100. (Am. Compl. ¶¶ 1, 16.) Defendants also offered the same payment for each successful referral of a registered voter who signed the petition. (Am. Compl. ¶¶ 2, 17.)

This offer was not buried in fine print—it was blasted out across campaign events, social media, and online platforms. (Am. Compl. ¶¶ 18–21.) Elon Musk himself promoted the program on his personal "X" account, stating that both the signer and the referrer would be paid $100. (Am. Compl. ¶ 19.)

Plaintiffs John Doe and Bobbi Pisor, along with other class members, took Defendants at their word. They signed the petition, referred others to do the same, and expected to be

1

compensated. (Am. Compl. ¶¶ 3, 22.) But Defendants failed to pay them in full—or at all. (Am. Compl. ¶¶ 4, 22.)

John Doe, who also worked as a paid canvasser for Defendants, estimates he is owed at least $20,000 in unpaid referral fees. (Am. Compl. ¶¶ 24–27.) Bobbi Pisor estimates she is owed at least $10,000 for signing the petition and for referrals. (Am. Compl. ¶¶ 31–32.)

Plaintiffs filed this class action asserting claims for breach of contract, promissory estoppel, and unpaid wages under the Pennsylvania Wage Payment and Collection Law ("WPCL"). (Am. Compl. 1.) They allege they relied on Defendants' promises, performed the requested work, and suffered harm when those promises were broken. (Am. Compl. ¶¶ 10–12.)

Defendants now move to dismiss the complaint in its entirety, with prejudice. (Defs.' Mot., ECF No. 28.) The Court should deny the motion in full, or if it believes any necessary facts have not been sufficiently alleged, permit Plaintiffs to amend.

## III.    LEGAL STANDARD

To survive a motion to dismiss, a complaint needs only enough factual matter—taken as true—to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff alleges facts that allow the Court to reasonably infer the defendant is liable for the alleged misconduct. *Id.*

"In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991). "A complaint can only be dismissed if it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Id.* (internal citation and quotation marks omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

2

IV.    ARGUMENT

Defendants ask this Court to dismiss the Amended Complaint in full, but they disregard key allegations and distort the law. Plaintiffs John Doe and Bobbi Pisor allege that they did the work that Defendants promised to pay for—referring registered Pennsylvania voters to sign the America PAC petition—but were not paid. These facts support textbook claims for breach of contract, promissory estoppel, and unpaid wages. Because the Court must accept these allegations as true and draw all reasonable inferences in Plaintiffs' favor, dismissal is unwarranted.

A.    **Plaintiffs Have Standing: They Allege That They Did the Work and Were Not Paid for It as Promised**

Defendants argue that Plaintiffs fail to allege compliance with the referral program's purported payment conditions, such as providing email addresses or submitting IRS W-9 forms for payments exceeding $600. Defendants contend that such allegations are needed to establish an injury-in-fact for standing. They are wrong for three reasons.

1.    *Defendants ignore Federal Rule of Civil Procedure 9(c).*

Under Rule 9(c), "it suffices to allege generally that all conditions precedent have occurred or been performed."[1] Fed. R. Civ. P. 9(c). Because this rule governs the pleading of conditions precedent, it requires only general allegations—not plausibility. *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 112 (3d Cir. 2014) ("the pleading of conditions precedent falls outside the strictures of *Iqbal* and *Twombly*"); *Gress v. Freedom Mortg. Corp.*, 386 F. Supp. 3d 455, 467 (M.D. Pa. 2019).

---

[1]    The complaint can be amended to expressly state this exact language if the Court deems it necessary.

Plaintiffs allege they are Pennsylvania-registered voters who "successfully refer[red]" other registered voters to sign the America PAC petition. (Am. Compl. ¶¶ 3, 22.) They also allege that Defendants failed to pay them. (Am. Compl. ¶¶ 27, 32.) These allegations easily meet Rule 9(c)'s standard.

Defendants' reliance on *Finkelman v. Nat'l Football League*, 810 F.3d 187 (3d Cir. 2016), is misplaced. In *Finkelman*, the plaintiff claimed harm from being unable to buy a ticket at face value through the NFL's lottery system. *Id.* at 197. The Third Circuit found he lacked standing because he never entered the lottery, reasoning that "any harm that Finkelman suffered is properly attributed not to the NFL, but rather to his own decision not to enter." *Id.* at 198.

Here, by contrast, Plaintiffs participated in the referral program. Defendants instead argue that Plaintiffs failed to allege compliance with every single payment condition. But Rule 9(c) does not require such specificity, so that argument should be rejected.

### 2.    *Defendants overstate the general pleading standard for standing.*

Even apart from Rule 9(c), the injury-in-fact requirement "is not Mount Everest." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633–34 (3d Cir. 2017) (internal citation omitted). The Third Circuit has called it "very generous," requiring only "some specific, identifiable trifle of injury." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct" are sufficient because courts must "presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiffs allege that they are owed payment for successful petition referrals. (Am. Compl. ¶¶ 3, 22, 27, 32.) That allegation implies compliance with any conditions and suffices for standing.

### 3.    *The Court can infer that Plaintiffs' complaint alleges they satisfied payment conditions.*

Defendants identify four conditions for payment: (1) the referee listed the referrer; (2) both were eligible voters who signed the petition; (3) America PAC verified their information; and (4) a signed W-9 was submitted for payments exceeding $600. (Defs.' Br. 13; ECF No. 1-1.)

Nothing in the Amended Complaint suggests that Plaintiffs failed to meet those conditions. To the contrary, Plaintiffs allege their eligibility and successful referrals. (Am. Compl. ¶¶ 3, 22.) And Defendants cite no authority suggesting that missing a single condition would disqualify Plaintiffs from receiving payment.

Taking Plaintiffs' allegations as true, and drawing all reasonable inferences in their favor, the Court should conclude that they are entitled to payment. *See Jermax, Inc. v. AK Steel Corp.*, 2010 WL 2652276, *4–5 (D.N.J. 2010)  (holding that, because the plaintiff was entitled to reasonable inferences as to whether it fulfilled its contractual obligations, it had pleaded a "potentially viable cause of action").  During discovery, Defendants can attempt to establish facts supporting their defense.  However, Plaintiffs need not prove their cases upon the filing of their complaint.  Requiring them to state the exact number of petitions they submitted, the dates they did so, etc. are details that will be fleshed out in the course of this case (including from discovery of Defendants' records) and should not be required in the complaint.

### B.    Defendants' Roles Are Alleged and Will Be Proven in the Course of This Case

Defendants next argue that Plaintiffs fail to allege a causal connection between their injuries and Defendants Group America LLC and Elon Musk. But they cite no authority for the notion that Rule 8 requires a plaintiff to detail each defendant's specific role in the misconduct— particularly where that information is uniquely within the defendants' control.

5

As the court explained in *Negron v. Progressive Cas. Ins. Co.*, "[r]equiring this sort of detail at the pleading stage would be one small step shy of requiring production of actual documentation with the complaint—a level of proof not demanded even at trial, and far beyond what any federal pleading rule contemplates." 2016 WL 796888, at *10 (D.N.J. Mar. 1, 2016) (quoting *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 156 (3d Cir. 2014)).[2] Discovery is the proper vehicle for clarifying each defendant's role, and Defendants may seek summary judgment following discovery if the facts do not support their involvement. *See Negron*, 2016 WL 796888, at *10.

In any event, Plaintiffs do allege each Defendant's role. They allege that Musk founded America PAC, personally promoted its petition and referral program, and is jointly liable for Plaintiff John Doe's referral fees as unpaid wages. (Am. Compl. ¶¶ 13, 19–20, 30.) They also allege that Group America LLC was Doe's direct employer and thus jointly liable. (Am. Compl. ¶¶ 24, 28–30.) These allegations provide ample notice of Plaintiffs' claims and the grounds on which they rest. Rule 8 requires nothing more.

## C.    Plaintiffs May Represent Both Classes

Defendants next argue that "Plaintiffs lack standing to sue for alleged nonpayments to petition signers." (Defs.' Br. 11.) Once again, Defendants misstate both the facts and the law.

Defendants claim that while Plaintiffs allege they are owed money for referring Pennsylvania-registered voters to sign the America PAC petition, they do not allege they are owed payment for signing the petition themselves. But the Amended Complaint expressly

---

[2]    *Negron* was decided under Rule 9(b)'s heightened pleading standard for fraud. If Rule 9(b) does not require a plaintiff to specify each defendant's role in the alleged misconduct for an allegation of fraud, then Rule 8's more lenient standard certainly does not.

alleges that Plaintiffs are members of the proposed classes, including the unpaid signatory class. (Am. Compl. 8, ¶ 5.) Indeed, Pisor received no payment from Defendants—neither for signing the petition nor for referring others to do so.[3]

Even if Plaintiffs were seeking only referral payments, they still have standing to represent the proposed classes. The Third Circuit has made clear that Article III "is satisfied so long as a class representative has standing, whether in the context of a settlement or litigation class." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 362 (3d Cir. 2015). As discussed above, Plaintiffs have alleged an injury-in-fact sufficient to satisfy Article III. Their role as proposed class representatives imposes no additional standing requirements.[4] *See In re Horizon*, 846 F.3d at 634 n.11 ("Once Article III standing 'is determined vis-à-vis the named parties . . . there remains no further separate class standing requirement in the constitutional sense.'").

### D.     Plaintiffs State a Straightforward Breach of Contract Claim

Defendants wrongly contend that Plaintiffs fail to state a claim for breach of contract. To state such a claim, "the complaint must allege (1) the existence of a valid and binding contract, (2) that Plaintiff has complied with the contract and performed her own obligations under it, (3) fulfillment with all conditions precedent, (4) a breach of the contract, and (5) damages to plaintiff." *Pierce v. Montgomery Cnty. Opportunity Bd., Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995) (citing 5 Fed. Prac. & Proc. Civ. § 1235). Each element exists here.

Plaintiffs allege that Defendants offered to pay $47—later increased to $100—for each successful referral of a registered Pennsylvania voter who signed the America PAC petition.

---

[3]     The complaint can be amended to expressly state this fact if the Court deems it necessary.

[4]     Defendants are, in substance, raising a typicality argument under Rule 23—an issue that is properly reserved for class certification, not a motion to dismiss.

(Am. Compl. ¶¶ 1–2.) By referring eligible voters to sign the petition, Plaintiffs accepted the

offer and formed a binding contract with Defendants. (Am. Compl. 9–10, ¶¶ 17–18.) Defendants

breached that contract by failing to pay the full amounts owed. (Am. Compl. 10, ¶ 19.)

Defendants' argument that Plaintiffs failed to allege compliance with the referral

program's terms is wrong. Plaintiffs specifically allege they met the conditions for payment,

including referring eligible voters and providing the necessary information for processing

payment. (Am. Compl. ¶ 3.) They also allege that they are registered voters who successfully

referred other registered voters and that Defendants failed to pay them as promised. (Am. Compl.

¶¶ 3–4, 27, 32.) These allegations are more than enough to establish performance under the

contract.

Nor does the absence of specific allegations about IRS W-9 forms defeat the claim. The

W-9 requirement is a condition subsequent, not a condition precedent, to contract formation. *See*

*Vandergrift v. Pennsauken Sch. Dist.*, 2017 WL 6566139, at *10 (D.N.J. Dec. 22, 2017) (citing

17A C.J.S. Contracts § 451). Plaintiffs' failure to allege their submission of a W-9 does not

negate the existence of the contract or Defendants' breach.[5] *Id.* In any event, Plaintiffs allege

they repeatedly attempted to secure full payment, reflecting reasonable efforts to meet any

follow-up requirements. (Am. Compl. ¶ 28.)

---

[5]    Under 26 C.F.R. § 31.3406(h)–3, the Form W-9 is used by a payee to certify their tax-payer identification number (TIN) and other relevant information. The form's purpose is to determine whether the payee is subject to backup withholding. If the payee fails to provide a valid W-9 form, the payor may be required to withhold taxes from payments made to the payee. *See* 26 C.F.R. §§ 1.871–14, 31.3406(h)–3. However, this withholding requirement does not affect the enforceability of the contract itself; it merely impacts the tax treatment of payments under the contract.

Finally, Defendants' suggestion that Plaintiffs must plead the precise number of referrals or exact amounts owed misconstrues the Rule 12(b)(6) standard. Plaintiffs have alleged sufficient facts to put Defendants on notice of the claims, including the nature of the breach and the estimated amounts owed. (Am. Compl. ¶¶ 27, 32.) The exact number of referrals is a matter for discovery, not a motion to dismiss.

### E.    Promissory Estoppel Applies to Defendants' Broken Promises

Defendants also seek dismissal of the promissory estoppel claim by recycling the same arguments raised against the contract claim. They argue that Plaintiffs cannot show justifiable reliance because their referrals may not have met the program's criteria, and therefore, enforcing any promise would not serve the interests of justice. That argument also fails.

Promissory estoppel applies "where (1) the promisor makes a promise that he reasonably expects to induce action or forbearance by the promisee, (2) the promise does induce action or forbearance by the promisee, (3) and injustice can only be avoided by enforcing the promise." *Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990) (citing *Cardmone v. Univ. of Pittsburgh*, 384 A.2d 1228, 1233 (Pa. Sup. Ct. 1978). Plaintiffs allege all three elements.

They allege that Defendants promised to pay them and other class members for signing the America PAC petition and referring Pennsylvania-registered voters to do the same. (Am. Compl. ¶ 22.) That promise induced Plaintiffs to make successful referrals. (Am. Compl. ¶ 24.) Defendants then refused to pay. Enforcing the promise is the only way to avoid injustice. (Am. Compl. ¶ 25.) These allegations state a valid claim for promissory estoppel.

Defendants' argument that Plaintiffs' reliance was unreasonable because they did not meet the referral program's requirements is contradicted by the allegations. Plaintiffs allege they complied with the conditions for payment, including referring eligible voters and providing

9

necessary information. (Am. Compl. ¶¶ 3–4.) Defendants' refusal to pay for those referrals is precisely the kind of harm promissory estoppel is designed to remedy.

If there is any doubt about the reasonableness of Plaintiffs' reliance, that is a factual question not properly resolved at the pleading stage. *See K7 Design Grp., Inc. v. Five Below, Inc.*, 540 F. Supp. 3d 508, 513 (E.D. Pa. 2021) ("Justifiable reliance is typically a question of fact for the fact-finder to decide."). At this stage, Plaintiffs have more than plausibly alleged a claim for promissory estoppel.

### F.    Doe Was an Employee, and His Unpaid Fees Are Wages

Defendants also move to dismiss Doe's claim under the Pennsylvania Wage Payment and Collection Law ("WPCL"). They argue that Doe fails to allege an employer-employee relationship with any Defendant and that referral fees do not qualify as wages under the statute. Both arguments are wrong.

#### 1.    *The allegations establish an employment relationship under the WPCL.*

The WPCL broadly defines "employer" to include "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. § 260.2a. "[T]o be considered an employer for purposes of the WPCL, a person must have exercised a policy-making function in the company and/or an active role in the corporation's decision making process." *Hirsch v. EPL Techs., Inc.*, 910 A.2d 84, 89 (Pa. Sup. Ct. 2006); *see also Amalgamated Cotton Garment & Allied Indus. Fund v. Dion*, 491 A.2d 123, 125 (Pa. Sup. Ct. 1985) (rejecting the argument that employees may bring an action only against the corporation as a "desperate interpretation" of the WPCL). Whether a person or entity qualifies as an employer under the WPCL is a fact-intensive inquiry, typically resolved only after discovery. *See Hirsch*, 910 A.2d at 89–91.

10

Here, Doe alleges that he worked as a canvasser for America PAC and Group America,

LLC. (Am. Compl. ¶ 24.) He specifically alleges that America PAC and Group America, LLC

were his joint employers, and that Musk was acting as an "agent or officer" of these entities.

(Am. Compl. 11, ¶¶ 28–30.) These allegations plausibly establish an employment relationship

under the WPCL at the pleading stage.[6]

### 2.    *The unpaid referral fees constitute wage supplements under the WPCL.*

The WPCL requires employers to pay wages, fringe benefits, and wage supplements to

employees within specified timeframes. 43 P.S. § 260.3. When employers do not pay, the WPCL

lets workers sue for back pay, liquidated damages, attorney's fees, and costs. 43 P.S. §§ 260.9–

260.10. The only question here is whether Doe's unpaid referral fees qualify as wages or wage

supplements under the WPCL—Plaintiffs allege that they do.

The WPCL broadly defines "wages" to include "all earnings of an employe, regardless of

whether determined on time, task, piece, commission or other method of calculation." 43 P.S. §

260.2a. Wage supplements include "guaranteed pay" and "any other amount to be paid pursuant

---

[6]    Defendants' reliance on the multifactor test from *Morin v. Brassington*, 871 A.2d 844
(Pa. Super. Ct. 2005), and *Williams v. Jani-King of Phila., Inc.*, 837 F.3d 314 (3d Cir. 2016), is
misplaced. *Morin* addressed employee status under the Workers' Compensation Act, not the
WPCL. No Pennsylvania court has applied that test to WPCL claims. And while *Jani-King* used
a similar test under the WPCL, it did so solely to determine whether the plaintiffs had satisfied
the class certification requirements in a case challenging workers' misclassification as independ-
ent contractors. That is not at issue here. Doe alleges he was an employee (Am. Compl. ¶ 28),
and at this stage, that allegation must be accepted as true.  Further, while it is not clear what
standard applies in Pennsylvania for someone to be an employee (an issue currently on appeal at
the Third Circuit in *Razak v. Uber Technologies, Inc.*, No. 24-2638, ECF No. 19), there is no re-
quirement that a complaint contain a separate allegation for each of the prongs of the employee
status test–whatever that test may end up being declared to be by the Pennsylvania Supreme
Court.

to an agreement to the employe, a third party or fund for the benefit of employes." 43 P.S. § 260.2a.

Courts interpreting this provision have held that compensation qualifies as a "wage" under the WPCL when it is offered in connection with the plaintiff's employment, and not for some unrelated reason. *See Gladstone Tech., Partners, LLC v. Dahl*, 222 F. Supp. 3d 432, 440 (E.D. Pa. 2016) (citing *Braun v. Wal–Mart Stores, Inc.*, 24 A.3d 875, 956 (Pa. Super. Ct. 2011), *aff'd*, 106 A.3d 656 (Pa. 2014)).

Doe worked for Defendants as a paid canvasser—specifically, to persuade people to vote for Donald Trump in the presidential election. (Am. Compl. ¶¶ 28–30.) It is reasonable to infer that the America PAC petition was designed to advance that same goal: to generate voter support for Trump. (*See* ECF No. 1-1.)  While the offer of referral payments was made broadly to eligible voters, the offer was made as a bonus to the canvassers (above their regular wage), who were indisputably employees.  Accordingly, Doe's canvassing efforts and his referrals under the petition program were closely linked and served the same purpose. The unpaid referral fees were thus part of his earned compensation and qualify as "wages" under the WPCL. To the extent there is any doubt, this fact-based issue can be addressed through discovery.

### G.    If Needed, Plaintiffs Can Amend

Rule 15 reflects the Federal Rules' liberal amendment policy, instructing courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15. The Third Circuit has consistently applied this principle, holding that leave to amend should be granted unless amendment would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

Defendants' proposed order seeks to dismiss the entire Amended Complaint with prejudice. (ECF No. 28.) Yet they fail to explain why Plaintiffs should be denied the opportunity

to amend their pleading if the Court were to find any deficiencies. If the Court finds that

additional factual allegations are necessary, Plaintiffs respectfully request leave to amend.

## V.    CONCLUSION

Defendants made a clear promise. Plaintiffs did exactly what was asked of them.

Defendants failed to pay. Rule 12 is not a shield for broken promises. The Court should deny

Defendants' motion to dismiss, or permit Plaintiffs to amend their pleading if the Court deems

that to be necessary.


Dated:  June 30, 2025                          Respectfully submitted,

                                              JOHN DOE and BOBBI PISOR, individually
                                              and on behalf of all others similarly situated,

                                              By their attorneys,

                                              *s/ Shannon Liss-Riordan*
                                              Shannon Liss-Riordan (*pro hac vice*)
                                              Thomas Fowler (*pro hac vice*)
                                              Jeremy E. Abay (PA # 316730)
                                              LICHTEN & LISS-RIORDAN, P.C.
                                              729 Boylston Street, Suite 2000
                                              Boston, MA 02116
                                              (617) 994-5800
                                              sliss@llrlaw.com
                                              tfowler@llrlaw.com
                                              jabay@llrlaw.com

                                              *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2025, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, which constitutes service on Defendants, whose counsel are registered participants on that system.

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
