UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JOHN DOE AND BOBBI PISOR,** | : | |
| | : | |
| *Plaintiffs*, | : | No. 2:25-cv-01691-WB |
| v. | : | |
| | : | |
| **AMERICA PAC AND ELON MUSK,** | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendants America PAC and Elon Musk[1] (collectively, "Defendants") by and through undersigned counsel, respectfully submit this Answer to Plaintiff John Doe's and Bobbi Pisor's ("Plaintiffs") Second Amended Class Action Complaint, Doc. 40 ("Complaint").

Pursuant to Federal Rule of Civil Procedure 8(b), except as expressly admitted herein, Defendants deny each and every allegation in the Complaint. Defendants specifically deny that they engaged in any unlawful conduct (including without limitation any misrepresentation or omission), that Plaintiffs suffered any cognizable injury or damages, or that Plaintiffs or any putative class member are entitled to any recovery or relief whatsoever.

To the extent the Complaint quotes or paraphrases documents, videos, or statements, Defendants state that such materials speak for themselves as to their contents and deny any inconsistent characterization. To the extent the Complaint asserts legal conclusions, argument, or characterizations rather than factual allegations, no response is required; to the extent a response is deemed required, such allegations are denied. Defendants further deny that the requirements for

---

[1] This Court's January 7, 2026 Memorandum Opinion and Order (Doc. 56-57), dismissed Group America LLC as a Defendant and therefore no Answer on its behalf is required.

class certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied and deny that this case is appropriate for class treatment.

Defendants reserve the right to assert additional defenses and objections as they become known through discovery or otherwise, and the filing of this Answer does not waive any rights, claims, or defenses available to Defendants under law.

The headings and numbered paragraphs below correspond to sections and numbered paragraphs in the Complaint and are reproduced in this Answer for organizational purposes only. Defendants deny any substantive allegations contained in those headings unless otherwise expressly admitted herein and respond to the numbered allegations as follows.

## INTRODUCTION

1. Paragraph 1 is denied as stated. To the extent that any further response is required, Defendants admit that in October 2024, America PAC launched a "Petition in Favor of Free Speech and the Right to Bear Arms" (the "Petition"). Verified registered voters in Pennsylvania, Georgia, Nevada, Arizona, Michigan, Wisconsin and North Carolina ("Eligible Voters") were eligible to earn money through America PAC's Petition program. Pennsylvania Eligible Voters could earn $47 (later, $100) for signing the Petition, provided that the program's eligibility and verification requirements were satisfied. Signature payments through America PAC's Petition program were subject to verification of signer eligibility based on information the signer provided on the Petition, provision of valid information to allow payments to be sent and processed, and completion of any required tax forms. Defendants deny this Paragraph in all other respects.

2. Paragraph 2 is denied as stated. To the extent that any further response is required, Defendants admit that each Eligible Voter who referred (the "Referrer") another Eligible Voter (the "Referee") to sign the Petition could also be eligible to earn through America PAC's Petition

2

program. A Referrer was eligible to earn $47 (later, $100) for each Pennsylvania Referee who listed the Referrer when signing the Petition, provided that the program's eligibility and verification requirements were satisfied. Each Referee could list only one Referrer. Referral payments through America PAC's Petition program were subject to verification of both Referrer and Referee eligibility, provision of valid information to allow payments to be sent and processed, and completion of any required tax forms. Defendants deny this Paragraph in all other respects.

3. Paragraph 3 asserts legal conclusions and arguments, to which no response is required. To the extent that any response is required, Defendants admit that each named Plaintiff appears to have been listed in the Referrer field on certain Petition submissions, and that some of those submissions purported to be from individuals whose information matched Pennsylvania voter registration records. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and on that basis deny them.

4. Denied.

5. Paragraph 5 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 5.

**PARTIES**

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis deny them.

7. Paragraph 7 asserts procedural matters regarding the Court's order permitting Plaintiff John Doe to proceed under a pseudonym (Doc. 13), to which no response is required. To the extent any response is required, Defendants admit insofar as the Court's order granting Plaintiff Doe leave to proceed under a pseudonym speaks for itself as to what the Court ruled, and deny the allegations in Paragraph 7 in all other respects.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis deny them.

9. Admitted.

10. Admitted, except insofar as America PAC's FEC committee ID is C00879510.

11. Group America LLC has been dismissed from this action pursuant to this Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57), and therefore no response to Paragraph 11 is required.

12. Admitted.

13. Admitted.

## JURISDICTION AND VENUE

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent any response is required, Defendants admit only that Plaintiffs purport to invoke 28 U.S.C. § 1332(d) and admit that this statute speaks for itself as to its contents. Defendants deny that the requirements of 28 U.S.C. § 1332(d) are satisfied, deny that jurisdiction is proper in this Court, and deny any remaining factual allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

16. Paragraph 16 is denied as stated. To the extent that any further response is required, Defendants state that in October 2024, America PAC launched the Petition. As part of the America PAC Petition program, Pennsylvania Eligible Voters could earn $47 (later, $100) for signing the Petition, provided that the program's eligibility and verification requirements were satisfied. Defendants deny this Paragraph in all other respects.

4

17. Paragraph 17 is denied as stated. To the extent that any further response is required, Defendants state that a Referrer was eligible to earn $47 (later, $100) from America PAC for each Pennsylvania Referee who listed the Referrer when signing the Petition, provided that the program's eligibility and verification requirements were satisfied. Defendants deny this Paragraph in all other respects.

18. Paragraph 18 is denied as stated. Paragraph 18 purports to refer to and quote the Petition; however, the hyperlink in this Paragraph connects to a different America PAC petition ("Petition in Opposition to Activist Judges") not at issue in this case. Both the Petition at issue in this case and the Petition in Opposition to Activist Judges speak for themselves. To the extent any further response is required, Defendants admit that America PAC publicized the Petition through events, social media, and its website, and deny the allegations in Paragraph 18 in all other respects.

19. Paragraph 19 is denied as stated. Paragraph 19 purports to reproduce a screenshot of a post on the social media platform X without identifying its source or context. Defendants lack knowledge or information sufficient to form a belief as to the accuracy, authenticity, or origin of the screenshot attached in Paragraph 19 and on that basis deny it. To the extent any further response is required, Defendants admit that posts to Mr. Musk's X account speak for themselves as to their contents and deny in all other respects.

20. Paragraph 20 is denied as stated. Paragraph 20 purports to analyze a screenshot of a post on the social media platform X without identifying its source or context. Defendants lack knowledge or information sufficient to form a belief as to the accuracy, authenticity, or origin of the screenshot attached in Paragraph 20 and on that basis deny it. To the extent any further response is required, Defendants admit that posts to Mr. Musk's X account speak for themselves as to their contents and deny in all other respects.

21. Paragraph 21 is denied as stated. Paragraph 21 purports to reproduce a screenshot of a message without identifying its source, transmittal method, or context. Defendants lack knowledge or information sufficient to form a belief as to the accuracy, authenticity, or origin of the screenshot attached in Paragraph 21 and on that basis deny it. To the extent any further response is required, Defendants admit that America PAC emailed Petition signers and admit that those emails speak for themselves as to their contents. Defendants deny the allegations in Paragraph 21 in all other respects.

22. Paragraph 22 asserts legal conclusions and arguments, to which no response is required. To the extent that any response is required, Defendants admit that each named Plaintiff appears to have been listed in the Referrer field on certain Petition submissions, and that some of those submissions purported to be from individuals whose information matched Pennsylvania voter registration records. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and on that basis deny them.

23. Denied.

24. Paragraph 24 is denied as stated. Paragraph 24 appears directed to Plaintiff Doe's Pennsylvania Wage Payment and Collection Law ("WPCL") theory, which has been dismissed (Doc. 56-57), and does not support any entitlement to relief on any of Plaintiffs' remaining claims. To the extent that any further response is required, Defendants state that Plaintiff Doe was never an employee of any Defendant. Any canvassing work Plaintiff Doe may have done was performed, if at all, solely in the capacity of an independent contractor engaged through Group America, and not as an employee. Plaintiff Doe was never employed by America PAC or Elon Musk, either separately or jointly with any other person or entity. Defendants deny Paragraph 24 in all other respects.

25. Paragraph 25 is denied as stated. Paragraph 25 appears directed to Plaintiff Doe's WPCL theory, which has been dismissed (Doc. 56-57), and does not support any entitlement to relief on any of Plaintiffs' remaining claims. To the extent that any further response is required, Defendants state that Plaintiff Doe was never an employee of any Defendant, deny that America PAC provided the training, supervision, or control alleged in Paragraph 25, and deny Paragraph 25 in all other respects.

26. Paragraph 26 is denied as stated. Paragraph 26 appears directed to Plaintiff Doe's WPCL theory, which has been dismissed (Doc. 56-57), and does not support any entitlement to relief on any of Plaintiffs' remaining claims. To the extent that any further response is required, Defendants state that Plaintiff Doe was never an employee of any Defendant and deny that any America PAC "supervisor" instructed Plaintiff Doe to refer voters to sign the America PAC petition as alleged. Defendants deny Paragraph 26 in all other respects.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny them.

28. Denied.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis deny them. Defendants further deny that any Plaintiff or putative class member was not paid in full for their eligible Petition signature or for any eligible referral under the Petition program.

30. Paragraph 30 is denied as stated. Paragraph 30 appears directed to Plaintiff Doe's WPCL theory, which has been dismissed (Doc. 56-57), and does not support any entitlement to relief on any of Plaintiffs' remaining claims. To the extent that any further response is required, Defendants deny that Plaintiff Doe was an employee of any Defendant as alleged, and deny that

Plaintiff Doe was told that he would be paid any additional amount in connection with any canvassing work; rather, the Petition program was open to canvassers on the same terms as it was open to any other person. Defendants further state that any referenced website content and corporate governance documents speak for themselves as to their contents and deny any inconsistent characterization. Defendants deny Paragraph 30 in all other respects.

31. Paragraph 31 is denied as stated. To the extent that any further response is required, Defendants admit only that Plaintiff Doe contacted America PAC requesting payments in addition to the compensation that he has already received from America PAC through the Petition program. Defendants deny that any Plaintiff or putative class member was not paid in full for their eligible Petition signature or for any eligible referral under the Petition program, and deny any remaining allegations in Paragraph 31 requiring a response.

32. Defendants deny that any Plaintiff or putative class member was not paid in full for any eligible referral, and deny that any payment was guaranteed to arrive by any particular date such that it could be characterized as "late." Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Doe "relied on" and on that basis deny the allegations in Paragraph 32 regarding Plaintiff Doe's reliance. Defendants deny that Plaintiff Doe suffered any damage attributable to Defendants, and deny any remaining allegations in Paragraph 32 requiring a response.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny them. Defendants further deny that any Plaintiff or putative class member was not paid in full for any eligible referral under the Petition program.

34. Defendants admit that Plaintiff Pisor appears to have been listed in the Referrer field on certain Petition submissions, and that some of those submissions purported to be from individuals whose information matched Pennsylvania voter registration records. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and on that basis deny them.

35. Denied.

## CLASS ACTION ALLEGATIONS

Plaintiffs' Complaint restarts paragraph numbering at the beginning of its "Class Action Allegations" section. For consistency and to avoid confusion, Defendants likewise restart their paragraph numbering in this Answer with "1" to track the Complaint.

1. Paragraph 1 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that any class may be certified under any provision of Rule 23, deny that Plaintiffs are proper class representatives, and deny that the proposed class is ascertainable, appropriate, or otherwise satisfies Rule 23.

2. Paragraph 2 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that any class may be certified under any provision of Rule 23, deny that Plaintiffs are proper class representatives, and deny that the proposed classes are ascertainable, appropriate, or otherwise satisfy Rule 23.

3. Paragraph 3 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that the proposed classes are so numerous that joinder is impracticable, deny that class treatment would benefit the parties or the judiciary, and deny that any provision of Rule 23 is satisfied.

4. Paragraph 4 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that questions of law or fact common to the proposed classes exist or predominate, deny that the listed issues are susceptible to class-wide proof, deny that any proposed question can be resolved in favor of Plaintiffs or any putative class member, and deny that any provision of Rule 23 is satisfied.

5. Paragraph 5 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that Plaintiffs are members of any certifiable class, deny that their claims are typical of any putative class, and deny that any provision of Rule 23 is satisfied.

6. Paragraph 6 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 6.

7. Paragraph 7 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that Plaintiffs will fairly and adequately represent any putative class, deny that Plaintiffs are adequate class representatives, and deny that any provision of Rule 23 is satisfied.

8. Paragraph 8 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis deny them.

9. Paragraph 9 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 9.

10. Paragraph 10 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 10.

11. Paragraph 11 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that Plaintiffs or any putative class members lack an adequate remedy outside of a class action, deny that individual actions would be economically unfeasible, deny that any provision of Rule 23 is satisfied, and deny that Plaintiffs or any putative class members are entitled to any remedy at all (in a class action or otherwise).

12. Paragraph 12 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that separate actions would create the risk of inconsistent or varying adjudications, deny that incompatible standards of conduct would be established for Defendants, and deny that any provision of Rule 23 is satisfied.

13. Paragraph 13 asserts legal conclusions and putative class allegations to which no response is required. To the extent any response is required, Defendants deny that Defendants engaged in any wrongdoing, deny that Defendants will retain any benefit absent class certification, and deny that any provision of Rule 23 is satisfied.

**FIRST CAUSE OF ACTION**
**Breach of Contract – All Plaintiffs**

14. Paragraph 14 purports to incorporate prior allegations by reference. To the extent any response is required, Defendants incorporate by reference their responses to the paragraphs Plaintiffs purport to incorporate and deny any remaining allegations in Paragraph 14.

15. Paragraph 15 is denied as stated. To the extent that any further response is required, Defendants state that in October 2024, America PAC launched the Petition. As part of America

PAC's Petition program, Pennsylvania Eligible Voters could earn $47 (later, $100) for signing the Petition, provided that the program's eligibility and verification requirements were satisfied. Defendants deny Paragraph 15 in all other respects.

16. Paragraph 16 is denied as stated. To the extent that any further response is required, Defendants state that a Referrer was eligible to earn $47 (later, $100) for each Pennsylvania Referee who listed the Referrer when signing the Petition, provided that the program's eligibility and verification requirements were satisfied. Defendants deny Paragraph 16 in all other respects.

17. Paragraph 17 asserts legal conclusions and arguments, to which no response is required. To the extent that any response is required, Defendants admit only that Plaintiff Doe and Plaintiff Pisor each appear to be listed in the referrer field on certain Petition submissions, and that some of those submissions purported to be from individuals whose information matched Pennsylvania voter registration records. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis deny them.

18. Paragraph 18 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 18.

19. Paragraph 19 asserts legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 19.

20. Denied.

## SECOND CAUSE OF ACTION
### Promissory Estoppel – All Plaintiffs

21. Paragraph 21 purports to incorporate prior allegations by reference. To the extent any response is required, Defendants incorporate by reference their responses to the paragraphs Plaintiffs purport to incorporate and deny any remaining allegations in Paragraph 21.

12

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent that any further response is required, Defendants deny that Defendants ever made any "promise" to pay Plaintiffs or any putative class member as alleged, and state that in October 2024, America PAC launched the Petition program. As part of the Petition program, Pennsylvania Eligible Voters could earn $47 (later, $100) for signing the Petition, provided that the program's eligibility and verification requirements were satisfied, and Referrers were eligible to earn $47 (later, $100 in Pennsylvania) for each Referee who listed the Referrer when signing the Petition, provided that the program's eligibility and verification requirements were satisfied. Defendants deny Paragraph 22 in all other respects.

23. Paragraph 23 is denied as stated. To the extent that any further response is required, Defendants deny that they made any "promise" to Plaintiffs or any putative class member as alleged. Defendants state that in October 2024, America PAC launched the Petition program pursuant to which Pennsylvania Eligible Voters could earn $47 (later, $100) for signing the Petition, provided that the program's eligibility and verification requirements were satisfied, and Referrers were eligible to earn $47 (later, $100 in Pennsylvania) for each Referee who listed the Referrer when signing the Petition, provided that the program's eligibility and verification requirements were satisfied. Defendants deny Paragraph 23 in all other respects.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 regarding Plaintiffs' or any putative class member's alleged state of mind and on that basis deny them. Defendants further deny that Defendants made any "promises" as alleged. Defendants deny Paragraph 24 in all other respects.

25. Denied.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent that any further response is required, Defendants deny the allegations in Paragraph 26.

## THIRD CAUSE OF ACTION
**WPCL Violations – Plaintiff John Doe Only**

27. Paragraph 27 purports to incorporate prior allegations by reference. To the extent any response is required, Defendants incorporate by reference their responses to the paragraphs Plaintiffs purport to incorporate and deny any remaining allegations in Paragraph 27.

28. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 28.

29. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 29.

30. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 30.

31. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 31.

32. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 32.

33. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 33.

34. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 34.

35. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 35.

36. Plaintiff's WPCL claim has been dismissed by the Court's January 7, 2026 Memorandum Opinion and Order (Doc. 57); no response is required. To the extent that this paragraph contains any allegation of fact requiring a response, Defendants deny the allegations in Paragraph 36.

## **PRAYER FOR RELIEF**

Plaintiffs' Prayer for Relief sets forth requests for relief rather than allegations of fact, to which no response is required. To the extent any response is required, Defendants deny that

Plaintiffs (or any putative class) are entitled to any relief whatsoever, including the relief requested in subparagraphs (a) through (e).

## DEMAND FOR JURY TRIAL (Response)

Plaintiff's jury demand requires no response.

## AFFIRMATIVE DEFENSES

Without admitting any allegation or shifting any burden of proof, and reserving all defenses, Defendants assert the following affirmative and other defenses:

1. Plaintiffs provided no legally sufficient consideration for any alleged contract; alternatively, any consideration failed.

2. No contract existed between Plaintiffs and Defendants.

3. Any alleged entitlement was subject to conditions precedent—including eligibility, verification, and satisfaction of all requirements set forth in the Petition's terms—that were not satisfied.

4. Plaintiffs cannot establish causation. Any alleged injury was not proximately caused by Defendants' conduct; rather, any alleged harm, if any, resulted from Plaintiffs' own decisions or the acts or omissions of third parties for whom Defendants are not responsible.

5. Plaintiffs allege no legally cognizable, non-speculative damages.

6. Any recovery must be reduced by setoff, offset, credit, recoupment, and/or Plaintiffs' failure to mitigate.

7. Plaintiffs' claims are barred, in whole or in part, by laches.

8. Plaintiffs' claims are barred, in whole or in part, by waiver.

9. Plaintiffs' claims are barred, in whole or in part, by estoppel.

10. Plaintiffs' claims are barred, in whole or in part, by ratification.

11. Plaintiffs' claims are barred, in whole or in part, by payment.

12. Plaintiffs' claims are barred, in whole or in part, by release.

13. Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation and/or repose, to the extent such periods apply.

14. Plaintiffs' claims are barred, in whole or in part, to the extent they are asserted on behalf of individuals who were not eligible to receive payments under the Petition program, including individuals who were not registered voters in Pennsylvania and/or otherwise failed to satisfy the eligibility and verification requirements applicable to signature or referral payments.

15. Plaintiffs' claims are barred, in whole or in part, to the extent they seek signature or referral payments without alleging facts establishing that any Plaintiff or putative class member satisfied all requirements for any signature or referral payment, including any required eligibility and verification requirements.

16. Any demand for punitive or exemplary damages is barred or limited by applicable statutes and constitutional due-process constraints, including proportionality and fair-notice limits.

17. Plaintiffs' claims against Defendant Elon Musk are barred, in whole or in part, because Plaintiffs have not alleged and cannot establish any basis to hold Mr. Musk personally liable for the conduct alleged, including because Mr. Musk was not a party to any alleged agreement with Plaintiffs and did not personally undertake any enforceable obligation to Plaintiffs or any putative class member.

18. Plaintiffs' promissory estoppel claim is barred, in whole or in part, because Plaintiffs have not alleged and cannot establish the existence of any clear and definite promise by Defendants to Plaintiffs or any putative class member.

19. Plaintiffs' promissory estoppel claim is barred, in whole or in part, because any alleged reliance by Plaintiffs or any putative class member was not reasonable or justifiable.

20. Plaintiffs' promissory estoppel claim is barred, in whole or in part, because any alleged reliance and resulting injury, if any, are inherently individualized and not susceptible to common proof.

21. Plaintiffs' promissory estoppel claim is barred, in whole or in part, because Plaintiffs and putative class members did not suffer any cognizable detriment caused by any alleged promise, and because enforcement is not necessary to avoid injustice.

22. Plaintiffs' promissory estoppel claim is barred, in whole or in part, because promissory estoppel is unavailable to the extent the subject matter of the alleged promises is governed by an enforceable contract or by applicable terms and conditions.

23. Plaintiffs lack standing to assert claims on behalf of absent putative class members, and class treatment is improper because individualized issues of eligibility, performance, and damages predominate over any common questions.

24. Class treatment is improper because the proposed classes are overbroad and not ascertainable, including because determining class membership requires individualized inquiries into eligibility, verification, satisfaction of program requirements, and whether any payment was owed or processed.

25. To the extent any Plaintiff or putative class member was in fact engaged as a canvasser by or through Defendants, his or her claims are barred, in whole or in part, by the applicability of a valid and enforceable arbitration agreement governing the terms of any such engagement. Any disputes arising out of or relating to that engagement, including claims for

compensation, were required to be submitted to binding arbitration, and any arbitral award or adjudication thereunder is final and precludes further litigation of the same claims in this Court.

26. To the extent Plaintiff Doe asserts any claim sounding in employment compensation (including under the WPCL), such claims are barred because Plaintiff Doe was not an employee of any Defendant and Defendants were not his employer or joint employer.

Defendants reserve all defenses available under Rule 8(c) and otherwise at law or in equity, including defenses that may become apparent through discovery.

Respectfully submitted,

*/s/ Matthew H. Haverstick*
Matthew H. Haverstick (No. 85072)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Phone: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com

*/s/ Jesse Vazquez*
Jesse Vazquez*
Florida State Bar No.1013573
Chris K. Gober*
Texas State Bar No. 24048499
Andy Taylor*
Texas State Bar No. 19727600
Anne Marie Mackin*
Texas State Bar No. 24078898
Nadin Linthorst *
New York State Bar No. 5559042
Lex Politica PLLC
#129 7415 SW Parkway
Bldg. 6, Ste. 500
Austin, Texas 78735
Telephone: (512) 354-1785
jvazquez@lexpolitica.com
cgober@lexpolitica.com
ataylor@ataylorlaw.com
amackin@lexpolitica.com
nlinthorst@lexpolitica.com

19

**COUNSEL FOR DEFENDANTS**

*\*Admitted* pro hac vice