

THE FIRM
OF RECORD

Lex Politica

EST.
MMXI

| *lexpolitica.com* | *202.417.3529* | *info@lexpolitica.com* |

July 27, 2026

*Via ECF*

Chief Judge Wendy Beetlestone
U.S. District Court for the Eastern District of Pennsylvania
601 Market Street, Courtroom 10-A
Philadelphia, PA 19106

**Re:    Response to Plaintiffs' Letter Dated July 16, 2026**

Dear Chief Judge Beetlestone,

Defendants respectfully submit this response to the letter filed by Plaintiffs' counsel dated July 16, 2026.

Plaintiffs' letter—submitted without first properly meeting and conferring with Defendants as required by this Court's Policies and Procedures and Local Rule 26.1(f)[1]—presents no actual discovery dispute and no tangible request for relief that is not already being addressed under the parties' agreed-upon discovery protocol.

Plaintiffs complain that certain third-party vendors have not yet produced documents in response to their subpoenas. The record, however, reflects otherwise: several vendors have already made complete productions, and those that have not yet done so have communicated directly with Plaintiffs' counsel that they are actively searching for and will produce responsive documents within the coming weeks. Defendants have already agreed to extend the class certification deadline by 120 days precisely to afford Plaintiffs adequate time to complete this discovery. There is, in short, nothing for the Court to resolve.

The only two issues that warrant the Court's attention at the upcoming conference relate to Plaintiffs' actions. Specifically:

1.  Plaintiffs have noticed depositions of third-party vendors without providing notice to Defendants or any opportunity for Defendants' counsel to attend in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure; and

---

[1] On July 16, Plaintiffs' counsel informed Defendants they intended to file a letter with the Court concerning "scheduling" and asked whether Defendants objected. *See* Exhibit A. Defendants' counsel responded the same day, asking what remained to be addressed with the Court given that the parties had already agreed on an extension to the existing schedule. *See id.* Plaintiffs did not reply and instead filed their letter, making substantive allegations about Defendants' conduct without conferring with Defendants before seeking Court intervention.

2. Plaintiffs have engaged in a pattern of delaying third-party discovery until the eve of their class certification deadline and then seeking extensions when they find themselves unprepared.

As set forth below, if any party's conduct in discovery merits Court attention, it is Plaintiffs', not Defendants'.

### Defendants Have Fully Discharged Their Discovery Obligations

Since December 2025, Defendants have produced over 21,000 pages of documents, served complete written discovery responses—including responses to interrogatories and requests for admission—and provided privilege logs identifying all withheld materials. Plaintiffs do not contend otherwise. In May 2026, the parties agreed that Plaintiffs would seek documents held by third-party vendors from those vendors directly, with Defendants afforded a fourteen-day window to review those productions for any assertions of privilege before transmission to Plaintiffs. This arrangement is memorialized in the parties' May 2026 Joint Stipulation (Dkt. 61) and has been honored by Defendants without exception. The pace at which third-party vendors respond to Plaintiffs' subpoenas is a matter between Plaintiffs and those vendors; it is not a deficiency attributable to Defendants.

### Plaintiffs' Letter is Inaccurate and its Specific Claims Are Without Merit

In their July 16 letter, Plaintiffs advance three principal arguments: (1) that Defendants control the third-party vendors and therefore have access to documents those vendors possess; (2) that the parties' May 2026 Joint Stipulation imposed an obligation on Defendants as to third-party productions; and, (3) that Plaintiffs are "going in circles" between Defendants and vendors in search of documents. Each of these arguments is factually inaccurate, legally unsupported, or both.

First, Plaintiffs' control theory mischaracterizes the law and is moot in any event. The governing standard in this Circuit, with respect to requests for documents held by third parties, is clear: a business relationship, shared personnel, or organizational proximity, without more, does not establish the right to obtain documents on demand that Rule 34 requires. *Gerling Int'l Ins. Co. v. Commissioner*, 839 F.2d 131, 140–41 (3d Cir. 1988); *Clarion Brands, LLC v. Llorens Pharm. Int'l Div., Inc.*, 2017 WL 11923375, at *1 (E.D. Pa. Dec. 20, 2017); *Devon Robotics, LLC v. DeViedma*, 2010 WL 3985877, at *3 (E.D. Pa. Oct. 8, 2010). Where that legal right is absent, the proper remedy is a Rule 45 subpoena directed at the third party — which is precisely the mechanism the parties agreed Plaintiffs would use to seek documents held by third-party vendors in this case. Plaintiffs have done exactly that, directly subpoenaing the relevant vendors, several of whom have already produced and others of whom have confirmed that responsive documents are forthcoming.

Second, Plaintiffs fundamentally mischaracterize the parties' May 2026 Joint Stipulation (Dkt. 61), implying that Defendants undertook an obligation to discipline vendor compliance with Plaintiffs' subpoenas. That is not what the parties agreed to. The May Joint Stipulation established a single, narrow protocol: when a vendor produces documents in response to a subpoena, Defendants are afforded fourteen days to review those materials and assert any privilege Defendant(s) may have over such documents before they are transmitted to Plaintiffs. It contains

no representation about what vendors possess and no obligation on Defendants to facilitate or compel vendor compliance. Plaintiffs cannot now ask this Court to enforce obligations against Defendants that their own agreement specifically disclaimed. The situation might be different if, for example, Defendants sought to impede or forestall vendor compliance with such subpoenas. Tellingly, Plaintiffs do not even argue as much.

Finally, Plaintiffs' "going in circles" narrative does not withstand scrutiny. The vendors who are yet to produce have represented that they are searching for documents and will make a production in the coming weeks. The vendors who have already produced have stated that they have already provided all responsive documents and have indicated that any additional responsive materials, to the extent they exist at all, would be held by Defendants. Defendants, in turn, have already produced all responsive documents within their possession, custody, or control. The circle Plaintiffs describe does not point to a production failure by anyone. It points to the straightforward conclusion that the documents Plaintiffs wish existed likely don't exist. Neither Defendants nor third-party vendors have any obligation to create documents that Plaintiffs hoped would support their theories.

### Plaintiffs' Discovery Conduct Merits the Court's Attention

As noted above, two issues arising from Plaintiffs' own conduct merit the Court's attention at the July 28 conference: Plaintiffs' failure to comply with Rule 30(b)(1) in connection with third-party depositions and Plaintiffs' persistent pattern of delaying discovery until the eve of their class-certification deadline.

*Failure to Provide Notice of Third-Party Depositions* – Defendants recently learned that Plaintiffs issued deposition subpoenas to two third-party vendors, P2 Public Affairs and IMGE, LLC, without providing Defendants any notice or means to attend. When confronted with this issue on July 24, 2026, Plaintiffs' counsel confirmed that they had subpoenaed third parties for depositions without notifying Defendants, but argued that they had had no obligation to inform Defendants because they "anticipated that the depositions would not go forward on the dates of [their] subpoenas, and in fact no depositions [] occurred." *See* Exhibit B. That is legally incorrect. Rule 30(b)(1) requires written notice to every other party when a deposition is noticed — not when it proceeds. Had the vendors appeared as scheduled, Defendants would have had no notice and no opportunity to attend or examine, which is precisely the harm the Rule is designed to prevent.

More troubling, Plaintiffs' response makes clear they do not believe they did anything wrong — a position that, if left unaddressed, leaves Defendants with no assurance that Plaintiffs will not continue noticing third-party depositions with no notice at all, or with notice so belated as to render Defendants' attendance impossible. Defendants respectfully request that the Court order Plaintiffs to comply with Rule 30(b)(1) and provide notice of all future depositions of third parties at the time the subpoenas are served.

*Pattern of Dilatory Conduct* – Plaintiffs' July 16 letter is the latest episode in a now-familiar pattern: delay discovery until the eve of the class-certification deadline, then seek an extension when they find themselves unprepared. Notwithstanding that Defendants' initial disclosures (served more than a year ago) and timely responses to interrogatories (served in January 2026)

disclosed third-party vendors, Plaintiffs did not seek a single document from any third party until May 2026, weeks before their class certification deadline.

Meanwhile, when Defendants sought deposition dates for the named Plaintiffs, their counsel refused to provide availability for over a month despite repeated requests, forcing Defendants to notice all depositions unilaterally — after which Plaintiffs complained the timeline was too compressed and refused to confirm that named Plaintiffs would attend.

Defendants have already agreed to a 120-day extension of the class certification deadline specifically to give Plaintiffs adequate time to complete third-party discovery. That extension should be the last. The documents already exchanged in this litigation show that Plaintiffs will not be able to certify a class in this case: named Plaintiffs face individualized issues regarding their participation in the petition program; the proposed class definitions are overbroad; and none of the named plaintiffs can satisfy Rule 23(a)'s typicality and adequacy requirements. The third-party discovery Plaintiffs seek will not change that result. Defendants respectfully request that the Court make clear at the July 28 conference that no further extensions of the class certification deadline will be granted, and that Plaintiffs are bound by Federal Rule of Civil Procedure 30(b)(1) for any future deposition noticed in this matter.

Respectfully submitted,

Jesse Vazquez
Anne Marie Mackin
Nadin Linthorst

*Attorneys for Defendants*

# EXHIBIT A

 Outlook

---

**RE: Doe/Maglietta - Schedule**

---

**From** Michael Romano <mromano@llrlaw.com>

**Date** Thu 7/16/2026 8:18 PM

**To** Jesse Vazquez <JVazquez@lexpolitica.com>; Thomas Fowler <tfowler@llrlaw.com>

**Cc** Anna Mackin <amackin@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>

Thanks Jesse, we'll get this on file. I will also change the caption and file a version of the same in the other case.

**Michael Romano**
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
771-888-1869
mromano@llrlaw.com
www.llrlaw.com

---

**From:** Jesse Vazquez <JVazquez@lexpolitica.com>
**Sent:** Thursday, July 16, 2026 7:17 PM
**To:** Michael Romano <mromano@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>
**Cc:** Anna Mackin <amackin@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>
**Subject:** Re: Doe/Maglietta - Schedule

Hi Mike,

Attached are our edits to the joint stipulation.

Sincerely,
Jesse

---

**From:** Jesse Vazquez <JVazquez@lexpolitica.com>
**Sent:** Thursday, July 16, 2026 2:32 PM
**To:** Michael Romano <mromano@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>
**Cc:** Anna Mackin <amackin@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>
**Subject:** Re: Doe/Maglietta - Schedule

Hi Mike,

We will get you our edits to the joint stipulation this afternoon. Your earlier email said you intended to send a letter to the Court regarding scheduling. Is that not addressed by the joint stipulation? What else needs to be discussed with the Court regarding scheduling?

Sincerely,
Jesse

---

**From:** Michael Romano <mromano@llrlaw.com>
**Sent:** Thursday, July 16, 2026 1:58 PM
**To:** Jesse Vazquez <JVazquez@lexpolitica.com>; Thomas Fowler <tfowler@llrlaw.com>
**Cc:** Anna Mackin <amackin@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>
**Subject:** RE: Doe/Maglietta - Schedule

Hi Jesse,

To follow up on my email from last night, I wanted to let you know that we plan to file a letter today to request a conference with the Court, in addition to hopefully getting the stipulation on file after we hear from you. Please let us know if you object to that request so that we can note your position in our letter.

Thanks,
Mike

**Michael Romano**
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
771-888-1869
mromano@llrlaw.com
www.llrlaw.com

---

**From:** Michael Romano
**Sent:** Wednesday, July 15, 2026 9:24 PM
**To:** 'Jesse Vazquez' <JVazquez@lexpolitica.com>; Thomas Fowler <tfowler@llrlaw.com>
**Cc:** Anna Mackin <amackin@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>
**Subject:** RE: Doe/Maglietta - Schedule

Thanks Jesse. Here is a draft, and as you will see, our draft also lets the Court know that we would like to schedule a conference with the Court to discuss scheduling. Please let us know if you have any edits or if we have your permission to file.

**Michael Romano**
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
771-888-1869
mromano@llrlaw.com
www.llrlaw.com

---

**From:** Jesse Vazquez <JVazquez@lexpolitica.com>
**Sent:** Wednesday, July 15, 2026 2:03 PM
**To:** Michael Romano <mromano@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>
**Cc:** Anna Mackin <amackin@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Shannon Liss-Riordan <sliss@llrlaw.com>
**Subject:** Re: Doe/Maglietta - Schedule

# EXHIBIT B

 Outlook

---

### RE: Doe/Maglietta - Failure to Notify Defendants of Third Party Depositions

---

**From** Michael Romano <mromano@llrlaw.com>

**Date** Fri 7/24/2026 4:56 PM

**To**   Jesse Vazquez <JVazquez@lexpolitica.com>; Thomas Fowler <tfowler@llrlaw.com>; Shannon Liss-Riordan <sliss@llrlaw.com>

**Cc**   Anna Mackin <amackin@lexpolitica.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>

Jesse,

Again, we are not trying to hide the ball on you or prevent you from being present at depositions. No harm "nearly occurred" – neither of the vendors were available or were going to attend depositions on the days we noticed. We would not have held depositions without providing you notice or an opportunity to attend and examine.

And I did respond to your request: I said in my email below that no depositions have occurred. We did ask counsel for USA Inc. and Group America whether he would accept deposition subpoenas and, when we did, on the chance that he would accept, we attached subpoenas to our email to him. He told us he would not accept them, and we would have to serve them in another way, so I would say that those depositions have not yet been noticed. There are not any others that we have noticed.

Mike

**Michael Romano**
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
771-888-1869
mromano@llrlaw.com
www.llrlaw.com

---

**From:** Jesse Vazquez <JVazquez@lexpolitica.com>
**Sent:** Friday, July 24, 2026 4:11 PM
**To:** Michael Romano <mromano@llrlaw.com>; Thomas Fowler <tfowler@llrlaw.com>; Shannon Liss-Riordan <sliss@llrlaw.com>
**Cc:** Anna Mackin <amackin@lexpolitica.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>
**Subject:** Re: Doe/Maglietta - Failure to Notify Defendants of Third Party Depositions

Mike,

Your suggestion that there was not anything to give notice of is incorrect. Rule 30(b)(1) requires written notice to every other party when a deposition is noticed. The obligation is not conditioned on whether the deposition ultimately proceeds. Had the vendors' witnesses appeared as scheduled, Defendants would have had no notice and no opportunity to attend or

examine. That is precisely the harm Rule 30(b)(1) is designed to prevent, and it nearly occurred here.

Your email also does not respond to our request that you confirm no other depositions in this litigation have been noticed or taken without Defendants' knowledge. Please provide us that confirmation today.

Sincerely,
Jesse

---

**From:** Michael Romano <mromano@llrlaw.com>
**Sent:** Friday, July 24, 2026 2:01 PM
**To:** Jesse Vazquez <JVazquez@lexpolitica.com>; Thomas Fowler <tfowler@llrlaw.com>; Shannon Liss-Riordan <sliss@llrlaw.com>
**Cc:** Anna Mackin <amackin@lexpolitica.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>
**Subject:** RE: Doe/Maglietta - Failure to Notify Defendants of Third Party Depositions

Hi Jesse,

Let's take a step back. We did issue deposition subpoenas to those vendors, and we heard from them that their witnesses could not sit for depositions on the dates we noticed. So, we anticipated that the depositions would not go forward on the dates of our subpoenas, and in fact no depositions have occurred. We have been in touch with counsel for the vendors to ask about dates that might work. In my view, there was not anything to give you notice of. We were certainly not trying to exclude you from depositions and will provide reasonable notice of any depositions scheduled in the future.

Counsel for IMGE, LLC has proposed that Sept. 1 or Sept. 15 might work for IMGE's witness, though he is checking with his client. If either of those dates would not work for your team, please let us know and the three teams can discuss dates. Counsel for P2 has not yet proposed dates, but we will let you know what they propose.

Mike


**Michael Romano**
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
771-888-1869
mromano@llrlaw.com
www.llrlaw.com

---

**From:** Jesse Vazquez <JVazquez@lexpolitica.com>
**Sent:** Friday, July 24, 2026 1:32 PM
**To:** Thomas Fowler <tfowler@llrlaw.com>; Michael Romano <mromano@llrlaw.com>; Shannon Liss-Riordan <sliss@llrlaw.com>
**Cc:** Anna Mackin <amackin@lexpolitica.com>; Nadin Linthorst <NLinthorst@lexpolitica.com>; Matt Haverstick <mhaverstick@kleinbard.com>
**Subject:** Doe/Maglietta - Failure to Notify Defendants of Third Party Depositions

Counsel,

We are writing to address a very serious issue that has come to our attention. We were informed by third-party vendors that you recently noticed depositions of P2 Public Affairs and IMGE without providing Defendants any notice or any means to attend or participate.

This is a direct violation of Federal Rule of Civil Procedure 30(b)(1), which requires that "[a] party who wants to depose a person by oral questions _must give reasonable written notice to every other party._" That obligation applies to third-party depositions no less than depositions of parties. It is not satisfied by notifying the deponent alone.

It is our understanding that Plaintiffs unilaterally postponed the depositions before they occurred. However, that does not cure the violation or absolve Plaintiffs of their ongoing obligations under Rule 30(b)(1). Defendants are entitled to advance written notice of any deposition you notice or intend to notice in this litigation, and Defendants cannot be deprived of a meaningful opportunity to attend.

Please confirm in writing by end of day today: (1) that neither deposition occurred; (2) that you have not noticed or taken any other depositions in this litigation without providing Defendants notice; and (3) that you will comply with Rule 30(b)(1) with respect to all future depositions.

Lex Politica logo

Sincerely,
Jesse Vazquez
Senior Counsel

305.801.2691 |
jvazquez@lexpolitica.com

#129 7415 SW Pkwy, Bldg 6, Ste 500, Austin, TX 78735

www.LexPolitica.com | LinkedIn | @Lex_Politica

Confidentiality Notice: This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail. Please virus check all attachments to prevent widespread contamination and corruption of files and operating systems. Unless otherwise expressly provided in the e-mail message above, nothing contained in this message or in any attachment shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act, or any other statute governing electronic transactions.

IRS Circular 230 Notice: To ensure compliance with requirements imposed by the Internal Revenue Service, we hereby inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code of 1986 (as amended) or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

IMPORTANT CYBERSECURITY NOTICE: Never trust wiring or ACH instructions sent to you via email. If you receive wiring or ACH instructions via email that appear to originate from Lex Politica, you must first confirm such instructions via telephone with